FILED

2017 Jul-26 AM 11:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| **RAIFORD HARBIN, an Individual**<br>**Eagle Auto Sales and Speedy Auto, LLC,**<br><br>**Counterclaim-Plaintiff/Defendant,**<br><br>**v.**<br><br>**MICHAEL MILLER, an Individual,**<br>**Plaintiff/Counterclaim-Defendant,**<br><br>**and**<br><br>**GEICO GENERAL INSURANCE**<br>**COMPANY,**<br>**Defendant/Counterclaim-Defendant,**<br><br>**and**<br><br>**Fictitious Parties 1-10,**<br><br>**Counterclaim-Defendants.** | **CIVIL ACTION NO.**<br><br>**7:17-cv-01240-LSC** |

## NOTICE OF REMOVAL

**COMES NOW** the United States of America, by and through Robert O. Posey,

Acting United States Attorney for the Northern District of Alabama, and John D. Saxon,

Jr., Assistant United States Attorney, and gives notice of removal of the above-

captioned civil action pursuant to 28 U.S.C. §§ 1442(a)(1), 1446, and 2679(d)(2), and

shows as follows:

1.     Michael Miller, an employee of the United States of America's federal

agency, the U.S. Postal Service, is named as Defendant in the above-captioned counter-

there is a "causal connection" between the charged conduct and asserted official authority, Willingham v. Morgan, 395 U.S. 402, 409 (1969), and there is a "colorable defense" under federal law. Mesa v. California, 489 U.S. 121, 129 (1989).

7.     Here there is an obvious causal connection between the Counterclaim-Defendant's official duties as a federal officer and the civil action, as the incident out of which the state law Counterclaim arises occurred while the Counterclaim-Defendant was acting within the scope of his employment. In addition, the Counterclaim-Defendant has a colorable federal defense insofar as the United States of America is, by function of law, the proper party, and the Counterclaim-Plaintiff failed to exhaust administrative remedies with respect to his action against that party. Exhaustion is a jurisdictional prerequisite to bringing suit against the United States of America; failure to exhaust administrative remedies is a federal defense that provides a basis for the removal of this action from the state court to this court pursuant to 28 U.S.C. § 1442(a)(1). See Mesa v. California, 489 U.S. 121, 133 (1989). Removal is thus also appropriate under 28 U.S.C. § 1442(a)(1).

8.     The United States has not waived sovereign immunity to permit any alleged cause of action or civil proceeding by the Counterclaim-Plaintiff to be commenced in state court. Further, no such action would be proper in federal court because the federal subject matter jurisdictional prerequisites for the exhaustion of administrative remedies under 28 U.S.C. § 2675(a) for suits against the United States have not been met and sovereign immunity has not been waived in this respect.

9.     The Counterclaim-Defendant United States of America, on behalf of its

4

agency, the U.S. Postal Service, files herewith copies of the following documents: the above-captioned counterclaim giving rise to the present removal, filed in a civil action now pending in the Circuit Court of Tuscaloosa County, Alabama, in case number 63-cv-2016-900313.00 (Ex. 1);[3] the original summons and complaint in that action, styled Michael Miller v. Raiford Harbin; Eagle Auto Sales and Speedy Auto, LLC; and Geico General Ins. Co., Civil Action No. 63-cv-2016-900313.00 (in the Circuit Court of Tuscaloosa County, Alabama) (Ex. 2); and selected additional relevant pleadings filed to date (Ex. 3).

**WHEREFORE, PREMISES CONSIDERED,** the aforesaid action is hereby removed from the Circuit Court of Tuscaloosa County, Alabama, to the United States District Court for the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. §§ 28 U.S.C. §§ 1442(a)(1), 1446, and 2679(d)(2).

Respectfully submitted,

ROBERT O. POSEY
ACTING UNITED STATES ATTORNEY

---

[3] Though the counterclaim is styled as naming "Fictitious Parties 1-10" as Counterclaim-Defendants, the body of the counterclaim first identifies "Fictitious party 1-5" (*sic*) as potential counterclaim-defendants who "was on notice through previous acts and collisions that he job being performed by Michael Miller was hazardous and extremely dangerous" (*sic*), and later names "fictitious party 5-10" (*sic*) as being liable, premised upon a theory of negligence or wantonness, as a result the conduct associated with fictitious parties 1-5. See Counterclaim at ¶¶ 13, 15. It thus appears that the Counterclaim-Plaintiff intended only to name five potential fictitious parties as counterclaim-defendants.

5

/s/ John D. Saxon, Jr.
John D. Saxon, Jr.
Assistant United States Attorney
U.S. Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2001
(205) 244-2181 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2017, I filed the foregoing using the CM/ECF system and served same by first class mail, return receipt requested, on the following counsel of record:

D. Blake Williams
Prince, Glover & Hayes
# 1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Telephone: (205) 345-1234
Facsimile: (205) 752-6313
Email: bwilliams@princelaw.net
*Counsel for Plaintiff/Counterclaim-Defendant Michael Miller*

Gene T. Moore, Esq.
Law Office of Gene T. Moore, P.C.
1802 Fifteenth Street
Tuscaloosa, AL 35401
Telephone: (205) 349-5413
Facsimile: (205) 349-2512
gtmlaw@bellsouth.net
*Counsel for Defendant/Counterclaim-Plaintiff Raiford Harbin and Speedy Auto, LLC, d/b/a Eagle Auto Sales*

Clay A. Tindal
Tindal Law, LLC
2200 University Blvd.
Tuscaloosa, Alabama 35401
Telephone: (205) 208-9876
Facsimile: (205) 238-6799
Email: clay@tindalfirm.com
*Counsel for Defendant/Counterclaim-Plaintiff Raiford Harbin and Speedy Auto, LLC, d/b/a Eagle Auto Sales*

Thomas R. Jones, Jr., Esquire
Jones Law & Associates, P.C.
31 McFarland Boulevard
Suite 200
Northport AL 35476

**DONE** this the 25th day of July, 2017.

/s/ John D. Saxon, Jr.
John D. Saxon, Jr.
Assistant United States Attorney

# Exhibit 1

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY**

ELECTRONICALLY FILED
4/18/2016 12:42 PM
63-CV-2016-900313.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

|  |  |
|---|---|
| **RAIFORD HARBIN, an Individual** ) | |
| **Eagle Auto Sales and Speedy Auto, LLC** ) | |
| ) | |
| **COUNTER PLAINTIFF, DEFENDANT** ) | **Case No.: CV-2016-900313** |
| ) | |
| **VS.** ) | **JURY DEMAND** |
| ) | |
| **MICHAEL MILLER an Individual** ) | **Damages Exceed $50,000.00** |
| **GEICO GENERAL INSURANCE** ) | |
| **COMPANY,** ) | |
| **Fictitious Parties 1-10** ) | |

### PLAINTIFFS Raiford Harbin and Speedy Auto Sales COUNTER CLAIM And MOTION TO DISMISS

### STATEMENT OF THE PARTIES

1.      Plaintiff Raiford Harbin, hereinafter known as Plaintiff, is over the age of

nineteen (19) years and a resident citizen of Tuscaloosa County, Alabama.

2.      Defendant Michael Miller, hereinafter known as Defendant, is over the age of

nineteen (19) years and a resident citizen of Tuscaloosa County, Alabama.

3.      Defendant Eagle Auto Sales & Speedy Auto, LLC, is a domestic corporation

doing by in Tuscaloosa County, Alabama.

4.      Defendant Geico General Insurance Company (hereinafter referred to as "Geico")

is a foreign corporation doing business by agent in Alabama.

### FACTUAL ALLEGATIONS

5.      On or about December 7, 2015, the Plaintiff, Raiford Harbin, was driving and

traveling south on Old Greensboro Road in Tuscaloosa, Alabama. Defendant Michael Miller

was also traveling south on Old Greensboro Road. Plaintiff Raiford Harbin was driving his

vehicle and noticed that Defendant was pulled off to the side of the road on Highway 69 south in

his vehicle delivering mail and on duty.

Plaintiff was trying to swerve to avoid Defendant's truck and Defendant then pulled back onto the road causing Plaintiff to hit the back left of Defendant's car with the front right of Plaintiff's car.

6.      At the time of the collision, Defendant's vehicle did not have the appropriate flashing warning or emergency amber lights IN OPERATION and was NEGLIGENT, CARELESS AND NEGLECTFULLY partially pulled off the road blocking a busy highway in violation of the Rules of the Road.

7.      As a result of this collision caused by Michael Miller, Defendant WHEN HE FAILED TO YIELD to Ray Harbin who had the right of way causing the collision with Counter- Plaintiff, Raiford Harbin who was seriously and permanently injured causing him to incur medical expenses, pain, suffering, broken ribs and permanent disfigurement.

8.      At the time of the collision, the vehicle driven by Plaintiff Raiford Harbin was owned by Defendant Eagle Auto Sales & Speedy Auto, LLC.

9.      At the time of the collision, the Defendant, Michael Miller owned his vehicle and had a contract o f insurance with Defendant Geico Insurance Company that has coverage for body injury liability, property damages and contains coverage for uninsured/underinsured motorist benefits and coverage.

## COUNT I

### PERSONAL INJURYNEand Property Damage based on the NEGLIGENCE AND/OR WANTONNESS OF COUNTER DEFENDANT MICHAEL MILLER

10.     Raiford Harbin, Eagle Auto Sales and Speedy Auto, LLC (Speedy) adopt and incorporates all of the previous paragraphs by reference into this count.

11. On or about December 7, 2015, the Plaintiff, Raiford Harbin, was driving and traveling south on Old Greensboro Road in Tuscaloosa, Alabama. Counter-Defendant Michael Miller was stopped on Old Greensboro Road. Plaintiff Raiford Harbin made every reasonable effort to avoid hitting Michael Miller's vehicle from the rear when Michael Miller suddenly and unexpectedly darted in front of Ray Harbin causing the vehicles to collide with Counter-Defendant's Michael Miller's vehicle. As a result of this collision, the Counter-Plaintiff, Raiford Harbin, was seriously and/or permanently injured. His vehicle was bent, broken and damaged causing it to be declared a "total loss" as a matter of law. Mr. Harbin loss the use of his vehicle.

12. Ray Harbin avers that at said time and place, Defendant Michael Miller was operating his vehicle in a negligent and/or wanton manner by causing Plaintiff to collide with the Defendant's vehicle. Michael Miller failed to allow enough distance for a vehicle to safely stop on a busy highway as he was grossly distracted while delivering mail was not paying attention to on-coming traffic and negligently caused the collision between the two vehicles.

13. At the time of the collision, Michael Miller did not have a means or method of notifying vehicles of his frequent stops or warning vehicles coming over the hill he was stopped in the road. Michael Miller and his employer Fictitious party 1-5 was on notice through previous acts and collisions that the job being performed by Michael Miller was hazardous and extremely dangerous. Michael Miller caused this collision while he was on duty for the United States Postal Service. The conduct of Michael Miller clearly demonstrates his negligent acts and wanton conduct which caused Ray Harbin to be in a collision with Counter Defendant Michael Miller's vehicle.

14. The conduct of Defendant, Michael Miller, as described herein, was careless,

neglectful, wrongful, negligent and/or wanton.

15.          As a proximate result of Defendant, Michael Miller's, and fictitious party 5-10 carelessness, negligence and/or wantonness, the Counter-Plaintiff, Raiford Harbin, was caused to suffer damages and injuries including but not limited to physical injuries. Speedy suffered property damage, Harbin incurred medical expenses, pain and suffering, mental anguish and emotional distress, loss of quality of life, out-of-pocket expenses, economic loss, and lost income.

       **WHEREFORE, THESE PREMISES CONSIDERED, Defendant Counter-Plaintiff Speedy and Harbin** demand judgment against Defendant Michael Miller and fictitious party 1-10 for compensatory damages, mental anguish, pain and suffering both present and future, punitive damages, plus interest and costs, in an amount to be determined by a jury.

## MOTION TO DISMISS

       **Come Now Ray Harbin and Eagle Auto Sales and Speedy Auto, LLC, its subsidiary Company, officers and employees plead that:**

1. **Defendants, Counter-Plaintiffs pleads that service is improper.**

2. **Defendants plead the defense of lack of subject matter and/or personal jurisdiction.**

3. **Defendants plead the defense of estoppel, waiver and unclean hands.**

4. **Defendants plead the doctrine of inconsistent positions as a defense to Plaintiff's allegations.**

5. **Defendants pleads laches, unclean hands, estoppel, release, accord and satisfaction, waiver and/ or acquiescence.**

6.  **Michael Miller failed to state a claim for which relief can be granted.**

7. **The Attorney General for Alabama was not served with a copy of the pleadings.**

DOCUMENT 10

8. Michael Miller was negligent or contributory negligent.

9. All benefits, medical bills and property damages have been paid by a collateral source.

10. Ray Harbin and Speedy Auto Sales request a set off of all damages paid by a collateral source.

11. Punitive damages are unconstitutional and are in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY IN THIS MATTER**

Respectfully submitted,

/s/Gene T. Moore,
GENE T. MOORE       (MOO-068)
Attorney for Plaintiffs

**OF COUNSEL:**
LAW OFFICE OF GENE T. MOORE, P.C.
1802 FIFTEENTH STREET
TUSCALOOSA, ALABAMA 35401
Phone: (205) 349-5413
Fax: (205) 349-2512
gtmlaw@bellsouth.net

# Exhibit 2

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-CV-2016-900313.00 |
|---|---|---|

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
MICHAEL MILLER V. RAIFORD HARBIN ET AL

RAIFORD HARBIN, 15142 SOUTH ROSSER ROAD, TUSCALOOSA, AL 35405
NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DANIEL B. WILLIAMS

WHOSE ADDRESS IS 1 CYPRESS POINT, 701 RICE MINE ROAD NORTH, TUSCALOOSA, AL 35406 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MICHAEL MILLER
pursuant to the Alabama Rules of the Civil Procedure
Date   3/14/2016 11:33:44 AM    /s/ MAGARIA HAMNER BOBO

Clerk/Register
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

| ☑ Certified Mail is hereby requested | /s/ DANIEL B. WILLIAMS<br>Plaintiff's/Attorney's Signature |
|---|---|

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                                              (Date)

_____          _____          _____
Date                            Server's Signature              Address of Server

_____          _____
Type of Server                  Server's Printed Name
                                                                 _____
                                                                 Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>63-CV-2016-900313.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
### MICHAEL MILLER V. RAIFORD HARBIN ET AL

EAGLE AUTO SALES & SPEEDY AUTO, LLC, 15142 SOUTH ROSSER ROAD, TUSCALOOSA, AL 35405

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DANIEL B. WILLIAMS

WHOSE ADDRESS IS 1 CYPRESS POINT, 701 RICE MINE ROAD NORTH, TUSCALOOSA, AL 35406

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of      MICHAEL MILLER

pursuant to the Alabama Rules of the Civil Procedure

Date 3/14/2016 11:33:44 AM       /s/ MAGARIA HAMNER BOBO

Clerk/Register

714 GREENSBORO AVENUE

TUSCALOOSA, AL 35401

| ☑ Certified Mail is hereby requested | /s/ DANIEL B. WILLIAMS<br>Plaintiff's/Attorney's Signature |
|---|---|

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____          _____          _____
Date                                    Server's Signature                      Address of Server

_____          _____
Type of Server                         Server's Printed Name

_____
Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-CV-2016-900313.00 |
|---|---|---|

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
MICHAEL MILLER V. RAIFORD HARBIN ET AL

GEICO GENERAL INSURANCE COMPANY, C/O CT CORPORATION SYSTEM 2 N JACKSON ST., STE 605, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DANIEL B. WILLIAMS

WHOSE ADDRESS IS 1 CYPRESS POINT, 701 RICE MINE ROAD NORTH, TUSCALOOSA, AL 35406

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MICHAEL MILLER
pursuant to the Alabama Rules of the Civil Procedure
Date  3/14/2016 11:33:44 AM    /s/ MAGARIA HAMNER BOBO

Clerk/Register
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

| ☑ Certified Mail is hereby requested | /s/ DANIEL B. WILLIAMS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____    _____    _____
Date    Server's Signature    Address of Server

_____    _____
Type of Server    Server's Printed Name

_____
Phone Number of Server



ELECTRONICALLY FILED
3/14/2016 11:32 AM
63-CV-2016-900313.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| **MICHAEL MILLER,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | |
| | § | **Case No.: CV-2016-_____** |
| **RAIFORD HARBIN; EAGLE AUTO** | § | |
| **SALES & SPEEDY AUTO, LLC; and,** | § | **JURY DEMANDED** |
| **GEICO GENERAL INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

### COMPLAINT

### STATEMENT OF THE PARTIES

1.      Plaintiff Michael Miller is over the age of nineteen (19) years and a resident citizen of Tuscaloosa County, Alabama.

2.      Defendant Raiford Harbin is over the age of nineteen (19) years and a resident citizen of Tuscaloosa County, Alabama.

3.      Defendant Eagle Auto Sales & Speedy Auto, LLC, is a domestic corporation doing by in Tuscaloosa County, Alabama.

4.      Defendant Geico General Insurance Company (hereinafter referred to as "Geico") is a foreign corporation doing business by agent in Alabama.

### FACTUAL ALLEGATIONS

5.      On or about December 7, 2015, the Plaintiff, Michael Miller, was driving and traveling south on Old Greensboro Road in Tuscaloosa, Alabama.  Defendant Raiford Harbin was also traveling south on Old Greensboro Road and was driving under the influence of alcohol.  Defendant Raiford Harbin approached Plaintiff's vehicle from the rear and collided

with Plaintiff's vehicle. As a result of this collision, the Plaintiff was seriously and/or permanently injured.

6. At the time of the collision, the vehicle driven by Defendant Raiford Harbin was owned by Defendant Eagle Auto Sales & Speedy Auto, LLC.

7. At the time of the collision, the Plaintiff, Michael Miller, had a contract with Defendant Geico containing uninsured/underinsured motorist coverage.

## COUNT I

## PERSONAL INJURY
## NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RAIFORD HARBIN

8. Plaintiff adopts and incorporates all of the previous paragraphs by reference into this count.

9. On or about December 7, 2015, the Plaintiff, Michael Miller, was driving and traveling south on Old Greensboro Road in Tuscaloosa, Alabama. Defendant Raiford Harbin was also traveling south on Old Greensboro Road and was driving under the influence of alcohol. Defendant Raiford Harbin approached Plaintiff's vehicle from the rear and collided with Plaintiff's vehicle. As a result of this collision, the Plaintiff was seriously and/or permanently injured.

10. Plaintiff avers that at said time and place, Defendant Raiford Harbin was operating his vehicle in a negligent and/or wanton manner by colliding with the Plaintiff's vehicle.

11. The conduct of Defendant Raiford Harbin, as described herein, was wrongful, negligent and/or wanton.

12. As a proximate result of Defendant Raiford Harbin's negligence and/or wantonness, the Plaintiff, Michael Miller, was caused to suffer damages and injuries including,

but not limited to: physical injuries, medical expenses, pain and suffering, mental anguish and/or emotional distress, loss of quality of life, out-of-pocket expenses and lost wages.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiff demands judgment against Defendant Raiford Harbin, for compensatory and punitive damages, plus interest and costs, in an amount to be determined by a jury.

## COUNT II

### PERSONAL INJURY
### NEGLIGENT/WANTON ENTRUSTMENT OF EAGLE AUTO SALES & SPEEDY AUTO, LLC

13.     Plaintiff incorporates all of the previous paragraphs by reference into this count.

14.     On or about December 7, 2015, the Plaintiff, Michael Miller, was driving and traveling south on Old Greensboro Road in Tuscaloosa, Alabama. Defendant Raiford Harbin was also traveling south on Old Greensboro Road and was driving under the influence of alcohol. Defendant Raiford Harbin approached Plaintiff's vehicle from the rear and collided with Plaintiff's vehicle. As a result of this collision, the Plaintiff was seriously and/or permanently injured.

15.     Plaintiff avers that Raiford Harbin was incompetent to operate said vehicle and that Defendant Eagle Auto Sales & Speedy Auto, LLC knew, or by the exercise of reasonable care, should have known that Raiford Harbin was incompetent to operate said vehicle. As a result, Defendant Eagle Auto Sales & Speedy Auto, LLC negligently and/or wantonly entrusted said vehicle to Raiford Harbin.

16.     Defendant Eagle Auto Sales & Speedy Auto, LLC's negligent and/or wanton entrustment combined and concurred with the negligence and/or wantonness of Defendant

Raiford Harbin, and as a proximate result of the same, the Plaintiff, Michael Miller, was caused to suffer damages and injuries.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and punitive damages, in amounts to be determined by a jury.

## COUNT III

### CLAIM FOR UNINSURED/UNDERINSURED MOTORIST COVERAGE

17.    Plaintiff adopts and incorporates all of the previous paragraphs by reference into this count.

18.    At the time of the collision, the Plaintiff, Michael Miller. had a contract for uninsured/underinsured motorist insurance with Defendant Geico, with policy number 4271338099.

19.    Plaintiff, Michael Miller, has completed all of his obligations under the contract.

20.    A letter was sent to Defendant Geico on December 29, 2015, notifying the company that Plaintiff, Michael Miller, may be making a claim for all uninsured/underinsured coverage applicable.

21.    Plaintiff avers that Defendant Raiford Harbin is an underinsured motorist.

22.    Defendant Geico owes Plaintiff, Michael Miller, all existing underinsured motorist benefits under the contract of insurance.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiff demands judgment against Defendant Geico, for compensatory damages, plus interest and costs. in an amount to be determined.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY IN THIS MATTER

Respectfully submitted,

/s/ *D. Blake Williams*
D. Blake Williams (WIL-423)
Prince, Glover & Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: bwilliams@princelaw.net

## COMPLAINT TO BE SERVED BY CERTIFIED MAIL

Raiford Harbin
15142 South Rosser Road
Tuscaloosa, AL 35405

Eagle Auto Sales & Speedy Auto, LLC
15142 South Rosser Road
Tuscaloosa, AL 35405

Geico General Insurance Company
C/O CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

# Exhibit 3



ELECTRONICALLY FILED
4/18/2016 1:32 PM
63-CV-2016-900313.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

### CIVIL DIVISION

|  |  |  |
|---|---|---|
| **MICHAEL MILLER,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **V.** | * | **CASE NO. CV 2016-900313** |
| | * | |
| **RAIFORD HARBIN, ET AL,** | * | |
| | * | |
| **DEFENDANTS.** | * | |

---

### ANSWER OF DEFENDANT GEICO CASUALTY COMPANY

Comes now the Defendant, Geico Casualty Company ("Geico"), incorrectly sued as Geico General Insurance Company and for Answer to the Plaintiff's Complaint filed herein states as follows:

### FIRST DEFENSE

This Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

### THIRD DEFENSE

This Defendant pleads the general issue.

### FOURTH DEFENSE

This Defendant pleads and reserves the affirmative defenses of Contributory Negligence, Laches, Sudden Emergency, Act of God, Assumption of the Risk, Waiver, *In Pari Delicto*, Guest Statute, Failure of a Condition Precedent, and Spoliation.

### FIFTH DEFENSE

This Defendant pleads and reserves the affirmative defenses of Release, Statute of Limitations, Justification, and Estoppel. This Defendant further avers that the Plaintiff had an affirmative duty to mitigate damages but failed to do so.

### SIXTH DEFENSE

This Defendant denies that the Plaintiff has been damaged by said Defendant and demands strict proof thereof. The Plaintiff's alleged losses are barred by the terms and conditions of the policy or policies of insurance made the basis of this lawsuit.

### SEVENTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the doctrines of Ratification, Consent, and Acquiescence. This Defendant pleads Lack of Standing.

### EIGHTH DEFENSE

No action by this Defendant was the proximate cause of injury to the Plaintiff.

### NINTH DEFENSE

No action by this Defendant was the actual cause of injury to the Plaintiff.

### TENTH DEFENSE

This Defendant denies that it has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

### ELEVENTH DEFENSE

The Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20 (1975), as amended.

### TWELFTH DEFENSE

Plaintiff's claim for punitive damages, and any provision of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, deprive Defendant of the following rights guaranteed under the United States Constitution and the Alabama Constitution:

2

(a) They are so vague, indefinite, and uncertain that they deprive defendant of due process of law guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Alabama Constitution;

(b) They cause defendant to be treated differently from other similarly situated persons by subjecting defendant to liability beyond the actual loss caused by his conduct and to liability determined without clearly defined principles and standards, depriving defendant of equal protection guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, § 1 of the Alabama Constitution;

(c) They violate the excessive fines provision of the Eight Amendment to the United States Constitution and Article I, § 15 of the Alabama Constitution;

(d) They subject defendant to punishment under a law not fully established before his offense, in violation of Article I, § 7 of the Alabama Constitution;

(e) They compel defendant to produce potentially self-incriminating testimony and evidence for use in determining penal sanctions, in violation of the Fifth Amendment to the United States Constitution and Article I, § 6 of the Alabama Constitution;

(f) They expose defendant to a penal sanction based on less than the "reasonable doubt" standard of proof required in criminal cases, in violation of the rights guaranteed under the Fifth Amendment to the United States Constitution and Article I, §§ 1 and 6 of the Alabama Constitution;

(g) They subject defendant to punishment for the conduct of others through vicarious liability or through nonapportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1 and 6 of the Alabama Constitution;

(h) They expose defendant to the risk of indefinable, unlimited liability related to the actual loss caused by his conduct, creating a chilling effect on defendant's exercise of her right to a judicial resolution of this dispute;

3

Johnson, 684 So.2d. 685 (Ala. 1996), on the basis of the protections provided in the Double Jeopardy Clause of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, the Commerce Clause, and the Due Process Clause of the Fourteenth Amendment.

### SIXTEENTH DEFENSE

As shown by the United States Supreme Court's remand of the Alabama Supreme Court's decision in BMW of N. Am. v. Gore, 517 U.S. 559; 116 S. Ct. 1589 (1996) and Life Ins. Co. of Georgia v. Johnson, 519 U.S. 523, 117 S.Ct. 288 (1996), Alabama's system for awarding and reviewing punitive damages is fatally flawed. Therefore, any award of punitive damages in this case would be in contravention of the constitutional safeguards provided to the Defendant under the Constitution of the United States and the Constitution of the State of Alabama, jointly and separately.

### SEVENTEENTH DEFENSE

Pursuant to the United States Supreme Court's recent opinion of State Farm Mutual Automobile Insurance Company v. Campbell, 2003 WL 1791206 (April 7, 2003), the imposition of punitive damages, exceeding a single digit ratio with compensatory damages, awarded to a Plaintiff, is presumed to be excessive and violative of the Defendant's constitutional due process rights.

### EIGHTEENTH DEFENSE

The Defendant pleads and reserves the defenses of Insufficiency of Process, Insufficiency of Service of Process, and Improper Venue.

### RESERVATION OF DEFENSES

This Defendant reserves its right to amend its answer as discovery progresses and as issues may arise.

/S/ THOMAS R. JONES, JR.
Thomas R. Jones, Jr. (JON-031)
Attorney for Defendant, Geico Casualty
Company

5

## FOURTH DEFENSE

This counter-defendant states that process served was insufficient to give notice of this cause or was incorrectly served.

## FIFTH DEFENSE

This counter-defendant pleads the general issue and "not guilty."

## SIXTH DEFENSE

This counter-defendant avers the applicable statute of limitations.

## SEVENTH DEFENSE

This counter-defendant states that the counter-plaintiffs were guilty of negligence on the date of the accident made the basis of their complaint and that such negligence proximately caused or contributed to cause the damages complained and that any recovery is therefore barred.

## EIGHTH DEFENSE

This counter-defendant denies that the counter-plaintiffs were injured to the degree and extent claimed in the counterclaim and demands strict proof thereof.

## NINTH DEFENSE

This counter-defendant contests the nature and extent of the counter-plaintiffs' damages and demands strict proof thereof.

## TENTH DEFENSE

This counter-defendant states that there existed a sudden emergency not of his own making and that such emergency was the proximate cause of this accident.

**THIS COUNTER-DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

/s/ S. Reid Dunlap
S. Reid Dunlap (DUN042)
Attorney for Counter-Defendant, Miller

**OF COUNSEL**
Law Office of Melissa Croxton
Employees of Government
  Employees Insurance Company
One Independence Plaza
Suite 322
Birmingham, AL 35209
Telephone:     (205) 877-9540
Facsimile:     (205) 877-9546
Email:         Rdunlap@geico.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 21st day of July, 2016.

Gene T. Moore, Esquire
Law Office of Gene T. Moore, P.C.
1802 Fifteenth Street
Tuscaloosa, AL 35401

Thomas R. Jones, Jr., Esquire
Jones Law & Associates, P.C.
31 McFarland Boulevard, Suite 200
Northport AL 35476

Clay A. Tindal, Esquire
Tindal Law, LLC
2200 University Blvd.
Tuscaloosa, AL 35401

D. Blake Williams, Esquire
Prince, Glover & Hayes
#1 Cypress Point
701 Rice Mine Road N.
Tuscaloosa, Alabama 35406

/s/ S. Reid Dunlap
OF COUNSEL

### FIFTH DEFENSE

The imposition of punitive damages in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### SIXTH DEFENSE

The procedure and methods asserted for awarding punitive damages in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

### SEVENTH DEFENSE

The Harbin Defendants state that Plaintiff, in the exercise of ordinary care, could have avoided the consequences to Plaintiff of any alleged negligence or other acts of the Harbin Defendants, and therefore, Plaintiff is barred from recovery

### EIGHTH DEFENSE

The Harbin Defendants contest the nature and amount of Plaintiff's claimed injuries and damages.

### NINTH DEFENSE

The Harbin Defendants plead as a set-off any monies received by Plaintiff for injuries or damages suffered in or attributed to the alleged accident, including, but not limited to, any insurance proceeds and/or worker's compensation benefits.

### TENTH DEFENSE

The Harbin Defendants plead sudden emergency.

### ELEVENTH DEFENSE

The Harbin Defendants plead assumption of risk.

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2016, I electronically filed the foregoing with the Clerk of the Court using the Alafile system which will send notification of such filing to the following, or I served the foregoing via email or U.S. Mail:

D. Blake Williams
Prince, Glover & Hayes
# 1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Telephone: (205) 345-1234
Facsimile: (205) 752-6313
Email: bwilliams@princelaw.net

Gene T. Moore
Gene T. Moore, P.C.
1802 15th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 349-5413
Facsimile: (205) 349-2512
Email: gtmlaw@bellsouth.net

Thomas R. Jones, Jr.
Jones Law & Associates, P.C.
31 McFarland Boulevard, Suite 200
Northport, Alabama 35476
Telephone: (205) 759-5771
Facsimile: (205) 752-8259
Email: tj@tjoneslawfirm.com

S. Reid Dunlap
Law Office of Melissa Croxton
One Independence Plaza, Ste. 322
Birmingham, Alabama 35209
Telephone: (205) 877-9540
Email: rdunlap@geico.com

Luther Strange
Office of the Attorney General
State of Alabama
500 Dexter Avenue
Montgomery, Alabama 36130


/s/ Clay A. Tindal
Attorney for Raiford Harbin and Speedy
Auto, LLC d/b/a Eagle Auto Sales